# Whether Appropriations May Be Used for Informational Video News Releases

The "covert propaganda" prohibition in appropriations statutes does not apply where there is no advocacy of a particular viewpoint, and therefore it does not apply to the legitimate provision of information concerning the programs administered by an agency, such as through an informational video news release.

A recent, contrary opinion of the Comptroller General is not binding on the Executive Branch.

March 11, 2005

MEMORANDUM OPINION FOR THE GENERAL
COUNSELS OF THE EXECUTIVE BRANCH

The Comptroller General, the head of the Government Accountability Office ("GAO"), recently circulated a memorandum to Executive Branch departments and agencies purporting "to remind agencies of the constraints imposed by the publicity or propaganda prohibition [contained in appropriations laws] on the use of prepackaged news stories." *See Prepackaged News Stories*, B-304272, 2005 WL 608427 (Comp Gen.). This memorandum is being distributed to ensure that general counsels of the Executive Branch are aware that the Office of Legal Counsel ("OLC") has interpreted this same appropriations law in a manner contrary to the views of GAO, and to provide a reminder that it is OLC that provides authoritative interpretations of law for the Executive Branch.

Because GAO is part of the Legislative Branch, Executive Branch agencies are not bound by GAO's legal advice. *See Bowsher v. Synar*, 478 U.S. 714, 727–32 (1986). We refer you instead to an opinion issued by OLC in July 2004, which provides the definitive Executive Branch position on the issues addressed in the GAO memorandum. *See Expenditure of Appropriated Funds for Informational Video News Releases*, 28 Op. O.L.C. 109 (2004).

As we explain in our July 2004 opinion, most appropriations statutes enacted since 1951 have contained general prohibitions on the use of appropriated funds for "publicity or propaganda purposes." Over the years, GAO has interpreted "publicity or propaganda" restrictions to preclude use of appropriated funds for, among other things, so-called "covert propaganda." GAO has explained that publications that are "misleading as to their origin *and* reasonably constitute[] 'propaganda' within the common understanding of that term" are forbidden "covert propaganda." 66 Comp. Gen. 707, 709 (1987) (emphasis added). Consistent with that view, OLC determined in 1988 that a statutory prohibition on using appropriated funds for "publicity or propaganda" precluded undisclosed agency funding of advocacy by third-party groups. We stated that "covert attempts to mold opinion through the undisclosed use of third parties" would run afoul of restrictions on using appropriated funds for "propaganda." *Legal Constraints on*

*Lobbying Efforts in Support of Contra Aid and Ratification of the lNF Treaty*, 12 Op. O.L.C. 30, 40 (1988).

In our July 2004 opinion, we examined whether informational video news releases ("VNRs") prepared by the Department of Health and Human Services constituted "propaganda." VNRs are the television equivalent of the printed press release. They can be a cost-effective means to distribute information through local news outlets, and their use by private and public entities has been widespread since the early 1990s, including by numerous federal agencies. We concluded in our opinion that the prohibition on using funds for "propaganda" did not extend to VNRs that did not constitute advocacy for any particular position or view. The opinion reasoned that the purely informational nature of the VNRs at issue distinguished them from the undisclosed advocacy that OLC had discouraged in our 1988 opinion. Our 2004 opinion disagreed with a May 2004 GAO legal opinion (cited in the recent GAO memorandum), in which GAO had concluded that the same VNRs constituted impermissible "covert propaganda" even though, as GAO recognized, the VNRs were informational in content and did not involve advocacy.

OLC does not agree with GAO that the "covert propaganda" prohibition applies simply because an agency's role in producing and disseminating information is undisclosed or "covert," regardless of whether the content of the message is "propaganda." Our view is that the prohibition does not apply where there is no advocacy of a particular viewpoint, and therefore it does not apply to the legitimate provision of information concerning the programs administered by an agency. This view is supported by the legislative history, which indicates that informing the public of the facts about a federal program is not the type of evil with which Congress was concerned in enacting the "publicity or propaganda" riders. Thus, OLC disagrees with the Comptroller General's conclusion, as stated in his recent memorandum, that "agencies may not use appropriated funds to produce or distribute prepackaged news stories intended to be viewed by television audiences that conceal or do not clearly identify for the television viewing audience that the agency was the source of those materials. It is not enough that the contents of an agency's communication may be unobjectionable." *Prepackaged News Stories*, 2005 WL 608427, at *2.

The Comptroller General's conclusion fails to recognize the distinction between "covert propaganda" and purely informational VNRs, which do not constitute "propaganda" within the common meaning of that term and therefore are not subject to the appropriations restriction. Agencies are responsible for reviewing their VNRs to ensure that they do not cross the line between legitimate governmental information and improper government-funded advocacy.

STEVEN G. BRADBURY
*Principal Deputy Assistant Attorney General*
*Office of Legal Counsel*
